UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
DEC 3 0 2002
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

| | |
|---|---|
| Belinda S. Simmons, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:01cv1960 SNL |
| ) | |
| Miller & Steeno, P.C., ) | |
| ) | |
| Defendant. ) | |

### ORDER

In accordance with the Memorandum filed herein this date,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (#15) be and is **GRANTED**. Judgment is entered for Plaintiff and against Defendant on the merits of Plaintiff's complaint.

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Judgment is entered for Plaintiff and against Defendant for statutory damages of $50.00 and the reasonable attorney's fee of $3,468.00 as provided by statute.

**IT IS FINALLY ORDERED** that this action is **DISMISSED** and removed from the Court's trial docket of March 31, 2003.

Dated this 30th day of December, 2002.

SENIOR UNITED STATES DISTRICT JUDGE



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
DEC 3 0 2002
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

Belinda S. Simmons, )
)
Plaintiff, )
)
vs. ) Case No. 4:01cv1960 SNL
)
Miller & Steeno, P.C., )
)
Defendant. )

## MEMORANDUM

This matter is before the Court on Plaintiff's Motion for Summary Judgment (#15). Plaintiff brought this action against Defendant[1] alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") based upon a debt validation notice sent to Plaintiff by Defendant after Defendant was twice notified that Plaintiff was represented by an attorney. Defendant has responded by contending that; (1) neither of the events that Plaintiff claims provided notice gave the Defendant actual knowledge of the fact of Plaintiff's representation by an attorney, or that at least a fact issue exists regarding Defendant's actual knowledge of Plaintiff's representation, (2) an absolute defense to liability exists because any violation of the FDCPA was unintentional and was the result of a bona fide error notwithstanding Defendant's maintenance of procedures designed to avoid any such error, and (3) the Defendant's technical and unintentional violation of the FDCPA does not justify the imposition of statutory penalties or attorney's fees under the FDCPA. This case is set for trial on March 31, 2003.

---

[1]Defendant Ronald C. Miller was dismissed from this action on September 26, 2002, by Order of the Court pursuant to a stipulation of the parties.



Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a fact finder to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain*

*Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

On April 6, 2001, Plaintiff and Lawrence Barrale went to Regal Automotive, Inc. ("Regal"), and purchased a 1991 Buick Skylark for $3,000.00. Pl. Ex. 1 ¶¶ 2-3. Plaintiff and Barrale put down $1000.00 and financed the balance through Lou Budke's Arrow Finance Company ("Arrow"). Pl. Ex. 1 ¶ 4; Pl. Ex. 2 (at ex. (A)). Three weeks later, the Buick's transmission started slipping out of drive unpredictably. Pl. Ex. 1 ¶ 5. Plaintiff returned to Regal and requested that the Buick be repaired. Id. at ¶ 6. Regal insisted that its mechanic could find nothing wrong with the car. Id. at ¶ 6. Plaintiff then took the car to a transmission repair shop. Id. The transmission repair company stated that the Buick needed a new transmission. Id.

As a result of these transmission problems, Plaintiff and Lawrence Barrale filed a lawsuit against Regal and Arrow, seeking *inter alia* revocation of their acceptance of the vehicle. Pl. Ex. 2. Plaintiff's counsel instructed Plaintiff and Lawrence Barrale to stop making payments on the Buick Skylark. Pl. Ex. 1. Said lawsuit is now pending in the Missouri Circuit Court for the City of St. Louis, styled Lawrence L. Barrale and Belinda Simmons v. Regal Automotive, Inc. and Lou Budke's Arrow Finance Company, Cause Number 010-9408 ("State Suit"). Pl. Ex. 2. Defendant, through attorney Michael P. Steeno, entered its appearance in the State Suit on behalf of Arrow on September 19, 2001, although it is unclear whether he was also representing Regal. Pl. Ex. 3. Shortly after the entry of appearance, Arrow sent a collection notice to Plaintiff and Lawrence Barrale demanding $105.56. Pl. Ex. 4. Counsel for Plaintiff in the State Suit wrote to Defendant on October 2, 2001, notifying them of Arrow's continuing collection efforts and with the letter, forwarded a copy of the collection notice that bore Plaintiff's name, address and the account number, 30437. Pl. Ex. 4-5; Dft. Ex. F. The October

2, 2001 letter further stated that Lawrence Barrale was "taking the position that, as of August 12, 2001, he rescinded the transaction... [and] had no further obligation to make payments on a vehicle he did not own." Pl. Ex. 5; Dft. Ex. F. On November 2, 2001, Miller & Steeno attorney Robert C. Miller sent a letter on the firm's letterhead to Plaintiff, at the same address as that listed on the collection notice forwarded to Miller & Steeno. The letter included the following text:

> Re: Lou Budke's Arrow Finance Co.
> Account No.: 30437
> Principal Due: $ 2,090.00
> Interest Due:  $ .00
> Attorney Fees Due:  $ 313.50
> Total Due:   $2,403.50

Pl. Ex. 6; Dft. Ex. G.

The Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq. ("FDCPA") was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). One of the protections the FDCPA provides is a prohibition against communication with the debtor, "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address..." 15 U.S.C. § 1692c(a)(2). The FDCPA does provide an affirmative defense to the debt collector if "the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). The maximum statutory penalty for a violation of the FDCPA is $1,000.00, plus costs and a reasonable attorney's fee. 15 U.S.C. § 1692k(a).

Defendant violated the FDCPA when it sent the November 2, 2001, validation letter to Plaintiff. Defendant had two notices that Plaintiff was represented by counsel in relation to the Arrow

debt. First when Defendant entered its appearance in litigation involving the validity of the debt. Second, when Plaintiff's counsel wrote to Defendant, and advised it that Plaintiff and Lawrence Barrale considered the transaction rescinded. The Court assumes that, prior to entering Defendant's entry of appearance in the State Suit, Defendant was given the Petition, which showed who the Plaintiff's attorney was. The Court finds unpersuasive Defendant's argument that the entry of appearance did not provide notice that Plaintiff was represented by counsel because a mere entry of appearance does not suggest that Defendant had actual knowledge of the subject matter of the suit. Even if the Court were to endorse such a limited view of an attorney's presumed knowledge prior to entering his appearance, the second notice was unmistakable. Although Plaintiff's name did not appear on the letter itself, Plaintiff's name, address and account number were clearly written on the notice forwarded to Defendant. Pl. Ex. 4 and 5. Finally, the Court notes that Defendant's communication was not consistent with Missouri Supreme Court Rule 4-4.2 which states that:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

Missouri Supreme Court Rules of Prof. Conduct Rule 4-4.2

Defendant's attention was twice called to the fact of Plaintiff's representation. The failure to communicate this fact internally does not excuse the mailing of a collection notice to the Plaintiff by a partner in the Defendant law firm. Finally, Defendant, through attorney Ronald C. Miller, admitted that there was no procedure in place to detect the fact that a given debtor was represented by an attorney. Miller Dep. pp. 38-39. Although a procedure has been adopted, it was not in place until after the letter at issue in this case was sent out. Miller Dep. pp. 43-44. Therefore, as a matter of undisputed material

fact, Defendant had knowledge of the fact of Plaintiff's representation, and did not contact Plaintiff as a result of "a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

Defendant's reliance on *Turner v. J.V.D.B. & Associates, Inc.*, 211 F.Supp.2d. 1108 (N.D.Il. 2002), is misplaced. In *Turner*, the defendant creditor sent a validation letter after the plaintiff's debt was discharged in bankruptcy. The *Turner* court found, as a matter of "undisputed material facts that Defendant had no actual knowledge of Plaintiff's bankruptcy proceeding and that at the time of the letter in question Plaintiff did not have an attorney for the collection matter herein." *Turner*, 211 F.Supp.2d at 1108. Accordingly, the *Turner* court held that a violation of the FDCPA did not exist as a matter of law. By contrast, the record before this Court shows that the fact of Plaintiff's representation was communicated to Defendant.

The Court finds *Harvey v. United Adjusters*, to be factually similar to the case at bench. *Harvey v. United Adjusters*, 509 F.Supp. 1218 (D.Or. 1981) (disagreed with on other grounds by *Graziano v. Harrison*, 950 F.2d 107, 112 (3d. Cir. 1991)). In *Harvey*, the defendant debt collector sent several notices to the plaintiff debtor at her home, despite the fact that she had been represented by a legal services agency in state and federal court actions related to the debt in question. *Id.* at 1220. In the case at bench, where the Defedant debt collector is also counsel for the creditor in an action directly related to the debt, *and* received notice by mail from the debtor's counsel, there is simply no basis for a reasonable jury to conclude that Defendant did not "know" that Plaintiff was represented by an attorney with respect to this debt. Therefore, the Court finds that Defendant violated the FDCPA by sending the November 2, 2001 debt validation letter to Plaintiff.

The issue of liability having been determined, the Court now turns to the remedies prescribed by the FDCPA. The statute provides that:

> any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
> (1) any actual damage sustained by such person as a result of such failure; [and] (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000... (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. ..."

15 U.S.C. § 1692k(a).

Additionally, the statute offers the following guidance to the Court in determining the amount to be awarded in additional damages:

> In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors--
> (1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional

15 U.S.C. § 1692k(b).

In the case at bench, where there has been no evidence presented of actual damages, the Plaintiff is entitled to the statutory penalty commensurate with the Defendant's conduct. *See e.g. Harvey*, 509 F.Supp. at 1222 ("in an aggravated case of persistent and repeated illegal practices, the full $1,000 should be awarded"); *Crossley v. Lieberman*, 868 F.2d 566, 572 (3d Cir. 1989) (where defendant threatened a widow with foreclosure and expressed an intent to continue his unlawful practices imposition of full $1,000 penalty was not an abuse of discretion). Here where the violation did not cause any actual damages, and was an isolated incident apparently resulting from an internal communication failure, the Court finds that an award of $50.00 is appropriate. The Court notes that there is no evidence in the record to suggest that this is the latest in a string of violations of the FDCPA,

and the Defendant has stated that steps have been taken to prevent a second violation. Therefore, the proper measure of damages in this case is $50.00.

Plaintiff is also entitled to a "a reasonable attorney's fee as determined by the court." 15 U.S.C. 1692k(a)(3). The attorney's fee is not an element of damages to be proven at trial, and the Court must award a reasonable attorney's fee to a successful Plaintiff. *Hennessy v. Daniels Law Office*, 270 F.3d 551, 553 (8th Cir. 2001) (failure to award reasonable attorney's fee in successful FDCPA action *held* reversible error). Counsel for Plaintiff has requested that the Court award attorney's fees in the amount of $5,780.00. Memorandum in support of Plaintiff's Motion for Summary Judgment p. 11. This amount was computed by multiplying the number of hours spent on this case, 28.9 hours, by an hourly rate of $200.00 per hour. Plaintiff's counsel stated in his Affidavit of Attorney's Fees that "My rate of $200.00 per hour is reasonable given my experience and training, and when compared to the prevailing rate for other attorneys in this community." Affidavit of Attorney's Fees (#19) ¶ 3. Defendant has argued that "if the Court determines a violation occurred, the Court should award attorney fees as is [sic] are reasonable in relation to nominal damages sustained by the Plaintiff." Defendants Memorandum in Opposition to Plaintiff's Motion for Summary Judgment at 12. Defendant cites no authority for this proposition.

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983) the Supreme Court set out a rubric for the calculation of fee awards. There, the Court held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. In determining the overall reasonableness of an award of attorneys' fees, the Court may adjust this "lodestar" amount computed above, as the Court considers the twelve

factors first pronounced in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); used to determine the reasonableness of the fee. These factors are:

1) The time and labor required;

2) The novelty and difficulty of the questions;

3) The skill requisite to perform the legal service properly;

4) The preclusion of other employment by the attorney due to acceptance of the case;

5) The customary fee;

6) Whether the fee is fixed or contingent;

7) Time limitations imposed by the client or the circumstances;

8) The amount involved and the results obtained;

9) The experience, reputation and ability of the attorney(s);

10) The undesirability of the case;

11) The nature and length of the professional relationship with the client; and

12) Awards in similar cases.

*Blanchard v. Bergeron*, 489 U.S. 87, 92 n.5 (1989). *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986); *Johnson*, 488 F.2d at 717-719.

In the case at bench, the Court finds that a reasonable billing rate for this type of case, in this community, is $120.00 per hour. The Court finds the 28.9 hours reported by Plaintiff's counsel are reasonable given the requirements of this case. These figures provide a "lodestar" amount of $3,468.00. Although Plaintiff's counsel has stated to the Court that he is entitled to a higher billing rate given his experience and training, there is no description in his affidavit of any such training or experience. This case involved one deposition and the exposition and application of clear statutes and

- 9 -

case law. Neither Plaintiff's counsel's affidavit, nor the record before the Court, evince any other grounds for adjusting the "lodestar" figure of $3,468.00. Therefore, $3,468.00 represents a reasonable attorney's fee in this case.

Finally the Court notes that Defendant filed a Notice of Motion for Summary Judgment on October 18, 2002. Over forty days have passed since the Notice of Motion was filed, and any such motion is now moot. *See* E.D.Mo. L.R. 7-4.05(B).

There being no genuine issues of material fact, the Plaintiff is entitled to judgment as a matter of law. Plaintiff is entitled to a statutory penalty of $50.00. As the prevailing party, the Plaintiff is entitled to a reasonable attorney's fee of $3,468.00.

Dated this 30² day of December, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 12/30/02 by aluisett
               4:01cv1960    Simmons vs Miller and Steeno PC

15:1692 Fair Debt Collection Act

```
Michele Davis    -  78227       Fax: 314-725-6592
Michael McKitrick -  13823      Fax: 314-725-6592
Mitchell Stoddard -   4472      Fax: 636-532-6890
Daniel Tobben    -  10634       Fax: 314-725-6592
```

SCANNED & FAXED BY
DEC 30 2002
SA 1